506 A.2d 894

Joseph SCULLION, a minor, By and Through his parents and natural guardians, Janet SCULLION and Robert Scullion, and Janet Scullion and Robert Scullion, in their own right,

v.

GYNOB, LTD., A.W. Corcoran, M.D. (Respondent) and Bernard J. Riley, M.D.,

v.

ST. FRANCIS GENERAL HOSPITAL, a corporation, and J.W. Loftis, M.D., Petitioners.

Supreme Court of Pennsylvania.

March 27, 1986.

Before NIX, C.J., and FLAHERTY, HUTCHINSON, ZAPPALA and PAPADAKOS, JJ.

ORDER OF COURT

PER CURIAM.

AND NOW, this 27th day of March, 1986, the Petition for Review is denied as interlocutory.

LARSEN and McDERMOTT, JJ., did not participate in the consideration or decision of this matter.

ZAPPALA, J., files a dissenting statement in which NIX, C.J., joins.

ZAPPALA, Justice, dissenting.

I dissent. I would grant the petition for review and reverse the order of the Allegheny County Court of Common Pleas.

The record is devoid of any evidence which would establish a reasonable basis for permitting the joinder of an additional defendant more than five (5) years after service upon the original defendant. Examination of the record before the Court demonstrates an absolute abuse of discretion by the lower court in permitting the joinder.

Furthermore, the lower court's conclusion that the Petitioners would not be prejudiced by the joinder is belied by the record itself. The record indicates that the Petitioners' motion for summary judgment against the plaintiffs in the present action was granted because the statute of limitations had run prior to commencement of the litigation.

Joinder will nevertheless expose Petitioners to financial liability in the nature of the contribution.

NIX, C.J., joins in this dissenting statement.